ELLIS, Judge:
This is a suit for separation from bed and board by Bernice Whitaker Lewis against Alphonse Lewis, Sr. The grounds alleged for the separation are cruel treatment and intentional nonsupport. To the petition, defendant filed an exception of improper venue, an exception of res judicata, and an answer. By stipulation, all matters were referred to the merits, and a trial was held, after which judgment was rendered maintaining both exceptions and dismissing plaintiff’s suit with prejudice on the merits. From this judgment, plaintiff has appealed.-
The matrimonial domicile of the parties and the domicile of Mr. Lewis is St. Fran-cisville in West Feliciana Parish. After an altercation on September 22, 1975, Mrs. Lewis left their home, took up residence elsewhere in West Feliciana Parish, and filed suit for a separation from bed and board. Mr. Lewis reconvened for a separation. After trial on the merits, which was held on November 6, 1975, judgment was rendered finding “that there is mutual fault”, and dismissing both the main and reconventional demands with prejudice.
Shortly thereafter, Mrs. Lewis moved to East Baton Rouge Parish, where she made her home with her sister. This suit was filed in the Family Court of East Baton Rouge Parish on January 5, 1976.
The exception of improper venue is based on the provisions of Article 3941 of the Code of Civil Procedure:
“An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile. “The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.”
Defendant alleges that Mrs. Lewis can have no domicile other than that of her husband, under Article 39 of the Civil Code which provides, in part:
“A married woman has no other domicile than that of her husband; . . . ”
The courts have provided an exception to that rule: that a wife may acquire a domicile separate from that of her husband if she has been abandoned by him or if he has been guilty of conduct substantially equivalent to that which would constitute grounds for a separation, and which would therefore justify her leaving him. Berry v. Berry, 310 So.2d 626 (La.1976). The grounds alleged in this case for a separation for cruel treatment are the same grounds alleged in the West Feliciana suit, which were found insufficient under the doctrine of recrimination or mutual fault.
Since the doctrine that mutual and equal fault on the part of the parties to a separation proceeding operates as a bar to relief being given to either of them, Mr. Lewis’s conduct can not constitute grounds for a separation. Mrs. Lewis may not, therefore, establish a separate domicile from that of her husband, and the only proper venue for a separation suit between them is West Feliciana Parish.
We might add that the other ground alleged for the separation in this suit, willful non-support, arose subsequent to the judgment in the first suit, and therefore was not a cause of the separation. The evidence adduced showed the allegation of willful non-support to be without merit.
*1313 The judgment appealed from is therefore affirmed, insofar as it maintains the exception of improper venue, and plaintiff’s suit is dismissed at her cost.
AFFIRMED.